# Culver *v.* Baker.

*Petition for Restitution of Land.*

(Decided Dec. 19, 1907. 45 South. 223..

*Ejectment; Restitution; Questions Determinable.*—The question of the title to the lands of which petitioner was dispossessed under a writ of possession on a judgment against him in ejectment cannot be determined on petition for restitution of the land, especially where the respondent named in the petition was not a party to the ejectment suit.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition by Isaac Culver against D. A. Baker for a restitution of lands. From a judgment dismissing the petition, petitioner appeals. Affirmed.

The petition alleges: That on March 8, 1902, a judgment was rendered in the circuit court of Pike county by default against petitioner for the possession of the fol-

lowing described land: The W. ½ of the S. W. ¼, section 21, township 11, range 20, in an action of ejectment at the suit of the Van Kirk Land & Construction Company. That on June 5, 1902, a writ of habere facias possessionem was issued by the clerk of the circuit court of Pike county upon said judgment, directing the sheriff of said county to put the plaintiff in that suit, the Van Kirk Land & Construction Company, in possession of the said described land. That on June 6, 1902, the writ came into possession of the sheriff, and on August 10, 1902, sheriff executed said writ by putting plaintiff in possession of the W. ½ of S. E. ¼ and the E. ½ of S. W. ¼, section 21, township 11, range 20, which said 160 acres of land last described was not included in said writ of possessoin, nor was it included in the judgment rendered against this defendant. That this petitioner was in possession of this 160 acres last described, and in executing said writ the sheriff dispossessed your petitioner of said land. That there was no judgment at that time, and none now, against petitioner, in favor of the Van Kirk Land & Construction Company for the recovery of the said last-described 160 acres of land, of which your petitioner was dispossessed by said sheriff. That in executing said writ sheriff stated to your petitioner that the writ directed him to dispossess the petitioner of said last-described 160 acres of land, which was in fact not described in said writ. That your petitioner, being an ignorant colored man, did not know until May, 1906, but that plaintiff had recovered against petitioner a judgument for said last-described 160 acres, and that the writ of possession under which he was dispossessed was properly issued upon said judgment, and that sheriff had the right to dispossess petitioner under the writ as he stated to petitioner, and relying upon such statement that said writ authorized him to dispossess petitioner of

said last-described 160 acres of land, and that said land was described in said writ, and acting and relying thereon, delivered the possession thereof to George F. Moore, the attorney for plaintiff, and the representative of plaintiff in said suit, and that in and about the execution of said writ of possession D. A. Baker was attorney for said George F. Moore, and as such attorney secured possession for said George F. Moore, and at that time had notice of the facts therein alleged. That said George F. Moore claims to have purchased said 160 acres of land of which petitioner was dispossessed under said writ upon said execution from the Van Kirk Land & Construction Company, and D. A. Baker, who is made respondent hereto, claims that said Moore sold said 160 acres of land to him and put him in possesion thereof, and Baker is now in possession of said land, and that said George F. Moore and D. A. Baker each had notice, at the time of their respective purchases, of the facts herein alleged, and neither is an innocent purchaser without notice. That petitioner has demanded of Baker the possession of the land, which has been refused. The prayer is for a rule nisi to issue from the circuit court to said Baker, commanding him to restore to petitioner the possession of the 160 acres of land last described, or to appear at the next term of the circuit court of Pike county to show cause, if any he has, why he should not deliver such possession, and for such other and further relief as he is entitled to.

Baker filed an answer denying the allegations of petitioner, and stated the facts to be as follows: That said Culver was never evicted or dispossessed of said lands by the sheriff under said writ, nor the plaintiff in said cause put in possession of said lands under or by virtue of said writ, but that said Culver remained in possession of said land continuously on and after August 10,

1902, until he made attornment to George F. Moore for said land soon afterwards, and then still remained on said land as the tenant of said Moore until said lands were purchased by respondent, since which time to the present date said Culver has remained on said land as the tenant of respondent. That said lands originally belonged to the Mobile & Girard Railway Company, and on the 20th day of June, 1890, the railway company conveyed the land by deed to the Van Kirk Land & Construction Company. That execution issued out of the city court of Montgomery county, Ala., on a judgment against the said Van Kirk Land & Construction Company in favor of George F. Moore, directed to the sheriff of Pike county, commanding him to make the amount of said judgment out of the goods, chattels, lands, and tenements of the said Van Kirk Land & Construction Company. That on the 22d day of February, 1902, the execution was duly levied by the sheriff of Pike county on said land, together with other lands of the Van Kirk Company. That after giving due notice by publication on March 31, 1902, the sheriff proceeded to sell said land under said levy at the courthouse door, etc., and that Moore became the purchaser at said sale, and a legal deed was made him by the sheriff as such purchaser at said sale. That on the 2d day of September, 1902, respondent Baker purchased said land, and went into possession of same, and has paid George F. Moore for them. That at the time of the purchase respondent had no notice of the fact that the lands were not properly set out and described in the said judgment of the Van Kirk Company against said Culver and in said writ of possession, until so informed by W. H. Samford about the month of May or June, 1906. That said Baker was not an attorney for said Moore in and about said writ of possession for said Moore to secure the execution of said

writ or obtaining possession of said land until after the issuance of said writ, except to accept the attornment of said Culver to .the said Moore. That Moore was not the attorney for plaintiff in said case, nor connected with the said suit in any way, nor with the execution of said writ of possession. That Gordon McDonald was the attorney for the Van Kirk Company in said suit, and S. M. Dinkins was attorney for said Isaac Culver. That at the time said Van Kirk Company brought suit against Culver, for said lands, they also brought suit against several other parties in said county for other lands held in the same manner. Among these other persons was one Green, who, together with others, were represented by Asa E. Stratton, T. L. Borum, and D. A. Baker, and certain others, among whom was the said Isaac Culver, were represented by said S. M. Dinkins; and that said Stratton, Borum, Baker, and Dinkins, representing their said clients, respectively, entered into the following agreement with Gordon McDonald, representing the said Van Kirk Company: "'This agreement, made and entered into by and between Gordon McDonald, attorney for the Van Kirk Land & Construction Company, and Asa E. Stratton, T. L. Borum and D. A. Baker, attorneys for the following named parties [here follows the number of other names], in cases wherein the said Van Kirk Land & Construction Company is plaintiff and the above-named parties are defendants, respectively, witnesseth: That the said case of the Van Kirk Land & Construction Company v. W. S. Green be made a test case, and be set for trial at 2 o'clock p. m. on Thursday, February 15, 1900, in the circuit court of Pike county, at the spring term thereof. That the above-named case, named to be made a test case for the several cases mentioned, shall also be a test case for any other case or cases in which the Van Kirk Land & Construction Co.

have brought suit for land in which any of the above-named attorneys may be employed to represent the defendant or defendants. It is hereby further agreed between the parties hereto that all of the other cases hereinbefore referred to, except those in which the defendant settled on his homestead entry prior to January, 1890, shall be governed and controlled by the proceedings and final judgment in the case above named as a test case; but the right of appeal is hereby reserved to both plaintiff and defendant in said test case. It is also further agreed between the parties that both the plaintiff and defendant in said case shall have the right to file any pleas or pleadings in said test case on the day agreed upon herein for the trial of said test case, or if for any cause said test case should not be tried on the day herein agreed upon then said pleas or pleadings may be filed on the day set for the trial of said test case at any subsequent term of said court. It is also further agreed between the parties hereto that in all of said cases where the defendant settled upon his homestead prior to January 1, 1890, a subsequent agreement shall be made as to the time of their trial, and that either party may file any pleadings in said cause last above referred to on the day or days they are set for trial, but that neither of them are to be tried or adjudicated prior to the day set for the trial of those cases in which defendant settled on his homestead subsequent to the 1st day of January, 1890." Signed by all the parties and filed with the clerk January 27, 1900. Respondent further alleges: That said suit of the Van Kirk Land & Construction Company was not one of the cases generally excepted in said agreement providing for those who entered upon their homestead prior to January 1, 1890; it being known and conceded by parties to said agreement that said Culver entered on said lands subsequent to said

[Culver v. Baker.]

last-named date. That the final judgment in the pro-
ceeding made a test case, the case of the Van Kirk Com-
pany against Green, was rendered in the Pike circuit
court on the 28th day of March, 1902, by which the Van
Kirk Company recovered the land sued for in their suit
against the said Green and the possession of said land.
That in the complaint of the Van Kirk Land & Construc-
tion Company against said Isaac Culver in said suit the
lands were correctly described. That said Isaac Culver
has never possessed any ownership in or right to the pos-
session of said lands, except as a tenant, but prior to his
occupancy thereof as a tenant was as a matter of law a
mere trespasser.

The evidence for plaintiff tended to support the alle-
gations of the petition, and evidence for respondent, doc-
umentary and otherwise, tended to support the allega-
tions of the answer.

FOSTER, SAMFORD & CARROLL, for appellant. The peti-
tioner having been dispossessed of the land under a writ
which did not authorize it is clearly entitled to restitu-
tion.—*Smith v. Gale*, 58 Ala. 600; *Wright v. Hurt*, 92
Ala. 590; *West v. Hayes*, 120 Ala. 98; *Marks v. Cowles*,
61 Ala. 299; 18 Ency. P. & P. 878; 17 Cent. Dig. 2518;
2 Freeman on Exe. sec. 477. Baker not having procured
his deed, cannot claim protection as an innocent pur-
chaser.—*Craft v. Russell*, 67 Ala. 9. The judgment in
this case is subject to review by appeal.—47 Ala. 259;
*Ex parte Tower Mfg. Co.*, 103 Ala. 415.

D. A. BAKER, for appellee. Mandamus is the remedy,
if any exists in this case.—*Ex parte Walker Bros.*, 89
Ala. 237. Restitution cannot be had so long as the judg-
ment stands unimpeached.—18 Ency. P. & P. 870, et seq.
The property had passed into other hands than the
plaintiff in the judgment of dispossession.

[Culver v. Baker.]

HARALSON, J.—This is a petition for restitution of lands to the petitioner, of which, he alleges, he was dispossessed under a writ of habere facias possessionem, issued on a judgment rendered against him in an ejectment suit in which the Van Kirk Land & Improvement Company was complainant and petitioner was the defendant.

For answer to the petition, the defendant therein not only denies the allegations of the petition but sets up facts going to show that the petitioner was not entitled to the relief prayed. The cause was tried by the court without a jury and on the evidence adduced, which is fully set out in the bill of exceptions, the court adjudged that the petitioner was not entitled to have the lands restored to him, and dismissed the petition.

From the judgment, the petitioner appealed; and on the record, in which all the facts are set out, he asks for a mandamus if it should be determined that an appeal will not lie.

It is clear, from an inspection of the petition and of the answer thereto, that the court was called upon to determine the legal title to the lands involved, and could not have granted the relief prayed except upon a determination of the disputed question of title. Manifestly, the determination of such a question is not within the purpose of an application for restitution; and especially is this true where the party defendant to the petition was not a party to the ejectment suit.

Upon consideration of the cause, in all of its phases, and without determining whether appeal or mandamus is the proper remedy, we are of the opinion that the circuit court properly denied the relief prayed, and, of consequence, that the judgment of that court must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.